IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DEMON REESE, § | |
| § | |
| Movant, § | |
| § | |
| V. § | NO. 3:23-CV-1761-N-BT |
| § | (NO. 3:19-CR-282-N) |
| UNITED STATES OF AMERICA, § | |
| § | |
| Respondent. § | |

**MEMORANDUM OPINION AND ORDER**

Came on for consideration the motion of Demon Reese under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the response, the reply, the record, and applicable authorities, concludes that the motion must be **DENIED**.

**I.    BACKGROUND**

On June 11, 2019, Reese was named in a one-count indictment charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). CR ECF No.[1] 1. He initially entered a plea of not guilty. CR ECF No. 11. He later signed a factual resume, CR ECF No. 22, and a waiver of indictment. CR ECF No. 23. The government filed a superseding information, again charging Reese with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). CR ECF No. 25. On March 17, 2020, Reese entered a plea of guilty to the offense charged in the superseding information. CR ECF No. 26. He testified under oath at the hearing that: he understood the essential elements of the offense charged in the superseding information

---

[1] The "CR ECF No. __" reference is to the number of the item on the docket of the underlying criminal case, No. 3:19-CR-282-N.

and he admitted that he committed each one; he was fully satisfied with counsel; there was not a plea agreement; no one had made any promise or assurance or used any force or threats to induce him to plead guilty; he understood he faced a term of imprisonment of ten years; he had read, understood, and discussed the factual resume with counsel before signing it and the stipulated facts set forth in it were true. CR ECF No. 62.

Reese was sentenced to a term of imprisonment of 94 months. CR ECF No. 53. He appealed. CR ECF No. 56. The United States Court of Appeals for the Fifth Circuit affirmed his sentence. *United States v. Reese*, No. 21-11016, 2022 WL 3684614 (5th Cir. Aug. 25, 2022). His petition for writ of certiorari was denied. *Reese v. United States*, 143 S. Ct. 614 (2023).

## II.   GROUNDS OF THE MOTION

Reese urges two grounds in support of his motion. First, Section 922(g)(1) is unconstitutional. Second, the Court imposed a sentence in violation of the Sixth Amendment. ECF No.[2] 4 at 7.

## III.  APPLICABLE LEGAL STANDARDS

### A.   28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review

---

[2] The "ECF No. __" reference is to the number of the item on the docket in this civil action.

without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

### B.  Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as

having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

IV.  ANALYSIS

In support of his first ground, Reese argues that the right to keep and bear arms is not a right granted by the United States Constitution, but rather one granted to him by the State of Texas. ECF No. 5 at 2–5. Pursuant to the Second Amendment, Congress cannot infringe upon that right. *Id.* He argues that this is textbook law and the failure of his counsel to pursue relief on this ground resulted in his receiving ineffective assistance of counsel. *Id.*

Because his first ground was not raised on appeal and is procedurally defaulted, Reese must show cause and actual prejudice. *Bousley v. United States*, 523 U.S. 614, 622 (1998); *United States v. Vargas-Soto*, 35 F.4th 979, 993 (5th Cir. 2022). Although ineffective assistance can constitute cause, *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992), Reese cannot prevail. The case upon which he relies, *United States v. Cruikshank*, recognizes that the right to bear arms comes from the common law and does not depend upon the Constitution for its existence. 92 U.S. 542, 553 (1875). It does not hold, as Reese urges, that the right is supplied by a state constitution. In the years since *Cruikshank*, the Supreme Court has determined that the right to keep and bear arms is a fundamental right "deeply rooted in this Nation's history and tradition." *See McDonald v. City of Chicago*, 561 U.S. 742, 768 (2010) (quoting *Washington v. Glucksberg*, 521 U.S. 701,

721 (1997)). Thus, counsel cannot be faulted for failing to argue that Reese's right to bear arms arises out of the Texas Constitution.

Historically, the United States Supreme Court has recognized "longstanding prohibitions on the possession of firearms by felons" as lawful limitations on the right to bear arms. *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008). *Bruen* does not upend that precedent, as even the dissent recognized that the opinion "cast no doubt on that aspect of *Heller*'s holding" permitting felons to be prohibited from possessing firearms." *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 129 (2022) (Breyer, J., joined by Sotomayor and Kagan, JJ., dissenting). The Fifth Circuit has recognized this to be the case. *United States v. Daniels*, 77 F.4th 337, 343 (5th Cir. 2023); *United States v. Rahimi*, 64 F.4th 443, 452 (5th Cir. 2023), *cert. granted*, 143 S. Ct. 2688 (2023). As this Court has recently held, section 922(g)(1) "passes constitutional muster." *United States v. Robinson*, 680 F. Supp. 3d 737, 740–41 (N.D. Tex. 2023) (declining to follow *United States v. Bullock*, 679 F. Supp. 3d 501 (S.D. Miss. 2023)). Thus, Reese's counsel likewise cannot be faulted for failing to argue that Congress did not have the authority to pass 18 U.S.C. § 922(g).

In support of his second ground, relying on *United States v. Booker*, 543 U.S. 220 (2005), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), Reese argues that a jury had to find beyond a reasonable doubt that he fired his gun at Officer Robertson. ECF No. 5 at 5–9. He appears to be under the misapprehension that the Court's finding on that issue increased the statutory maximum penalty he faced. The record reflects that Reese faced a term of imprisonment of ten years, which he understood. CR ECF No. 22 at 1; CR ECF No. 62 at 17–18. He was sentenced to a term of imprisonment of 94 months. CR ECF No. 53. The Court could not, and did not, increase the

5

statutory maximum term of imprisonment. Reese unsuccessfully raised on appeal the implausibility of the finding that he fired his gun at Officer Robertson. 2022 WL 368614, at *1. He is barred from relitigating the issue here. *Moore*, 598 F.2d at 441. And, to the extent Reese is challenging the Court's application of the sentencing guidelines, that issue is not cognizable here. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). Finally, to the extent Reese intends to raise an issue of ineffective assistance of counsel with regard to the sentence he received, he has not shown that counsel's representation was deficient in any respect.

## V.  CONCLUSION

For the reasons discussed herein, the Court **DENIES** the relief sought in Reese's motion under § 2255.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 11th **day** of **May, 2024**.

_____
David C. Godbey
Chief United States District Judge